IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ANANT ENTERPRISES, L.L.C., ANANT OPERATIONS, INC., and FARNAM LODGING, L.L.C.,<br><br>Defendants. | Case No. 8:22-cv-345<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended, ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to D.V., who was adversely affected by such practices. As alleged with greater particularity below, Defendants Anant Enterprises, L.L.C., Anant Operations, Inc., and Farnam Lodging, L.L.C., violated the ADA by terminating D.V. because of his disability (depression).

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Nebraska.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants Anant Enterprises, L.L.C., Anant Operations, Inc., and Farnam Lodging, L.L.C. have continuously been employers engaged in industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

5. At all relevant times, Defendants have been covered entities under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**ADMINISTRATIVE PROCEDURES**

6. More than thirty days prior to the institution of this lawsuit, D.V. timely filed a charge of discrimination with the Nebraska Equal Opportunity Commission, and that charge was dually-filed with the Equal Employment Opportunity Commission. D.V.'s charge alleged violations of Title I of the ADA by Defendant Farnam Lodging, L.L.C.

7. Defendants received timely notice of D.V.'s charge.

8. On March 24, 2022, the Commission issued a Letter of Determination to Defendants Farnam Lodging, L.L.C. and Anant Operations, Inc., finding reasonable cause to believe that Defendants violated the ADA.

9. The Letter of Determination invited Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

12. On May 10, 2022, the Commission issued a Notice of Failure of Conciliation to Defendants.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

14. Defendants hired D.V. in or around July 2019 as the general manager of the Holiday Inn Express & Suites in Omaha, Nebraska, which was owned and operated by Defendants.

15. At the time he was hired and during his entire employment with Defendants, D.V. had diagnosed depression and was medicated for this condition.

16. D.V.'s depression is a mental health condition that, in its unmedicated and unmitigated state, substantially limits D.V.'s brain function.

17. During most of his employment with Defendants, the symptoms of D.V.'s depression were adequately controlled by medication.

18. D.V. did not inform Defendants about his medical condition when he was hired, and he successfully performed his duties as general manager.

19. In October 2019, D.V. began noticing that his depression-related symptoms were less controlled, and he began having unusual negative thoughts and feelings.

20. On or about October 28, 2019, while he was home and not working, D.V.'s depressive symptoms worsened, and he began having strong feelings of anger, frustration, and thoughts of self-harm, without any apparent trigger.

21. D.V. recognized that he needed help and called his wife, who was not at home, and asked her to take him to the hospital when she got home so he could get help for his feelings.

22. D.V.'s thoughts did not lead to any harmful actions to himself or others.

23. D.V. notified Defendants' human resources manager that he was not going to be at work because he was going to the hospital for treatment for depression.

24. Defendants' human resources manager responded to D.V.'s message, acknowledging receipt and letting him know his duties at the hotel would be covered.

25. D.V. was hospitalized for two nights and discharged on the afternoon of October 30, 2019.

26. On the morning of October 30, 2019, before D.V. was discharged, Defendants' vice president of operations, who was also D.V.'s direct supervisor, informed D.V. his employment was terminated.

27. Defendants told D.V. that the reason for his termination was that they were afraid he would hurt other people.

28. During the Nebraska Equal Opportunity Commission's investigation of D.V.'s charge of discrimination, Defendants stated that they terminated D.V. because they were afraid he would hurt other people.

29. The president and co-owner of Defendant Anant Enterprises, L.L.C., personally made the decision to terminate D.V.

30. Defendants did not ask D.V. for any type of medical release or seek any medical opinion regarding D.V.'s ability to return to work after his hospitalization.

31. Defendants did not ask D.V. about his ability to return to work and perform the essential functions of his job after his hospitalization.

32. Defendants did not conduct any individualized assessment of D.V.'s ability to perform the essential functions of his job with or without reasonable accommodation at the time of his discharge.

33. If Defendants had not terminated his employment, D.V. would have been able to return to work and perform the essential functions of his job, with or without reasonable accommodation, after he was released from the hospital.

34. Defendants terminated D.V.'s employment based on fears and stereotypes regarding his disability, depression.

35. Defendants function as an integrated enterprise and together functioned as D.V.'s employer.

36. The individuals involved in D.V.'s termination – the human resources manager, the vice president of operations, and the president and co-owner of Anant Enterprises, L.L.C. – handle operations, management, and labor relations functions for Defendants.

## STATEMENT OF CLAIM

### COUNT I

### (ADA – Discriminatory Discharge)

37. Plaintiff repeats, re-alleges, and incorporates by reference in the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

38. D.V. is a qualified individual with a disability as defined in the ADA.

39. Defendants discriminated against D.V. in violation of 42 U.S.C. § 12112(a) by terminating his employment on the basis of his disability.

40. As a direct and proximate result of the unlawful employment practices described above, D.V. suffered actual pecuniary and non-pecuniary damages, including but not limited to lost earnings and benefits, emotional pain, suffering, embarrassment, and inconvenience.

41. The unlawful employment practices described above were done intentionally and with malice or reckless indifference to the federally protected rights of D.V.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Issue a permanent injunction enjoining Defendants Anant Enterprises, L.L.C., Anant Operations, Inc., and Farnam Lodging, L.L.C., their subsidiaries, related entities, officers, successors, assigns, and all persons in active concert or participation with them, from engaging in unlawful employment practices which discriminate on the basis of disability.

B. Order Defendants Anant Enterprises, L.L.C., Anant Operations, Inc., and Farnam Lodging, L.L.C. to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons with disabilities and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants Anant Enterprises, L.L.C., Anant Operations, Inc., and Farnam Lodging, L.L.C. to make D.V. whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief as necessary to eradicate the effects of Defendants' unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendants Anant Enterprises, L.L.C., Anant Operations, Inc., and Farnam Lodging, L.L.C. to make D.V. whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses and other out-of-pocket expenses, in amounts to be determined at trial.

E. Order Defendants Anant Enterprises, L.L.C., Anant Operations, Inc., and Farnam Lodging, L.L.C. to make D.V. whole by providing compensation for non-pecuniary losses resulting from the lawful employment practices described above, including emotional pain, suffering, stress, inconvenience, embarrassment, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendants Anant Enterprises, L.L.C., Anant Operations, Inc., and Farnam Lodging, L.L.C. to pay D.V. punitive damages for their malicious and reckless conduct as described above, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

LISA MORELLI
Acting Associate General Counsel

ANDREA G. BARAN
Regional Attorney
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63130
Phone: (314) 798-1914
Email: andrea.baran@eeoc.gov

LAUREN W. JOHNSTON
Assistant Regional Attorney
Oklahoma Area Office
215 Dean A. McGee Ave, Ste. 524
Oklahoma City, OK 73102
Phone: (405) 666-0379
Email: lauren.johnston@eeoc.gov

*/s/ Luke R. Hertenstein*
LUKE R. HERTENSTEIN, KS Bar No. 23809
Trial Attorney
Kansas City Area Office
400 State Ave., Ste. 905
Kansas City, KS 66101
Phone: (913) 359-1812
Email: luke.hertenstein@eeoc.gov

ATTORNEYS FOR PLAINTIFF EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION