IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>    v.<br><br>ANANT ENTERPRISES, LLC, ANANT OPERATIONS, INC., and FARNAM LODGING, LLC,<br><br>            Defendants. | 8:22CV345<br><br>MEMORANDUM AND ORDER |

In this action, plaintiff Equal Employment Opportunity Commission ("EEOC") brings claims under "Title I of the Americans with Disabilities Act, as amended, ("ADA") and Title I of the Civil Rights Act of 1991" against defendants Anant Enterprises, LLC, Anant Operations, Inc., and Farnam Lodging, LLC (together, the "defendants").  The EEOC's Complaint (Filing No. 1) alleges the defendants[1] discriminated against D.V.—who was employed as the general manager of the Holiday Inn Express & Suites in Omaha, Nebraska, owned and operated by the defendants—on the basis of his mental health-diagnosis.

The EEOC alleges "D.V. had diagnosed depression and was medicated for this condition" throughout his employment, though he did not initially disclose this condition to his employer.  In October 2019, just a few months after being hired by the defendants, D.V. decided to go to the hospital when his depression symptoms worsened.  D.V.

---

[1] The EEOC's pleadings make allegations against the defendants jointly, further muddying the Court's understanding of the alleged discrimination and its present review of the parties' proposed consent decree.  *See, e.g.*, Filing No. 1 at 4 (stating allegations regarding the interactions between defendants' various employees and D.V. without clarifying the employees' roles within the three entities).

notified the defendants' human-resources manager he would be absent from work due to this hospitalization.

After D.V. spent two nights in the hospital but before he was discharged, the defendants' vice president of operations notified him that he was being terminated. According to the EEOC, D.V. lost his job because the defendants "were afraid he would hurt other people." This assumption was allegedly the result of the defendants "fears and stereotypes regarding [D.V.'s] disability," not any individualized assessment nor D.V.'s ability to perform the functions of his position.

On December 6, 2022, the defendants filed an Answer (Filing No. 8) to the EEOC's complaint, largely denying any discriminatory conduct. The parties subsequently commenced limited discovery. Sometime thereafter, the parties entered into private settlement negotiations.

Now before the Court is the parties' Joint Motion for Entry of Consent Decree (Filing No. 24). The parties ask this Court to enter a consent decree memorializing the end result of their negotiations (Filing No. 27-1). The proposed judgment includes monetary and equitable relief generally consisting of (1) $100,000 to be paid to D.V., (2) the defendants' promise not to discriminate on the basis of disability, (3) establishment of policies and procedures to ensure the defendants' compliance with the ADA, (4) live trainings of the defendants' employees on the ADA, (5) comprehensive reporting to the EEOC, and (6) dispute-resolution mechanisms. While each form of relief is designed to be completed within varied respective time periods, the entirety of the decree is intended to be in effect for three years.

"The law strongly prefers settlement agreements, especially in employment discrimination cases." *EEOC v. Prod. Fabricators, Inc.*, 666 F.3d 1170, 1172-73 (8th Cir. 2012). And the parties often prefer court-issued consent decrees in such cases for a number of reasons. As the EEOC has indicated, some agencies have statutory and

administrative directives to seek such decrees in place of purely private agreements. *See* U.S. Equal Emp. Opportunity Comm'n, *Regional Attorneys' Manual, Settlement Standards and Procedures*, https://www.eeoc.gov/regional-attorneys-manual/settlement-standards-and-procedures#section1c (last accessed Oct. 30, 2023) ("To ensure effective enforcement of Commission resolutions, the agency's practice is that settlements be in the form of a consent decree."); 15 U.S.C. § 16 (setting out procedural requirements for the United States to seek consent judgments in civil proceedings under antitrust laws). The continuing jurisdiction of the issuing court over a consent decree is "often the motivation" for seeking such judgment, which "offers more security to the parties than a settlement agreement where the only penalty" for breach "is another suit." *Prod. Fabricators*, 666 F.3d at 1173 (quoting *SEC v. Randolph*, 736 F.2d 525, 528 (9th Cir. 1984)).

However, "a federal court is more than 'a recorder of contracts' from whom parties can purchase injunctions; it is 'an organ of government constituted to make judicial decisions.'" *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986) (quoting 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice ¶ 0.409[5], at 331 (1984)). Unlike a private settlement agreement, "a consent decree is subject to court approval before it can take effect" and must be adjudged by the Court to meet multiple requirements. *Donaghy v. City of Omaha*, 933 F.2d 1448, 1459 (8th Cir. 1991). First, consent decrees must "spring from and serve to resolve a dispute within the [C]ourt's subject matter jurisdiction," "come within the general scope of the case made by the pleadings," and "further the objectives of the law upon which the complaint was based"—in this case, the ADA. *Local No. 93*, 478 U.S. at 525. Second, the Court must ensure the parties' agreement is fair, reasonable, and adequate. *Prod. Fabricators*, 666 F.3d at 1172.

The Court does not doubt that the parties' proposed consent decree would satisfy the bulk of the preliminary jurisdictional and procedural requirements. However, it is not

as clear what information the Court is supposed to use to meaningfully analyze the factors necessary to find the proposed consent decree is fair, reasonable, and adequate. *See Prod. Fabricators*, 666 F.3d at 1173 (concluding the district court erroneously analyzed a proposed consent decree by failing to account for multiple relevant factors). The Court would abuse its discretion if it fails to consider a relevant factor that should be given significant weight, considers or significantly weighs an irrelevant or improper factor, or commits a clear error when considering and weighing proper factors. *Id.* at 1172; *see also League of Women Voters of Mo. v. Ashcroft*, 5 F.4th 937, 939-41 (8th Cir. 2021) (concluding the district court meaningfully considered and weighed the proper factors in awarding attorneys fees). Due to the limited record in this matter, the Court is concerned any analysis of these necessary requirements could be erroneous or arbitrary without more case-specific details.

In explaining its hesitation to make such unsupported conclusions, the Court has requested additional information from the parties on multiple occasions. After one such instance, the EEOC filed a supplemental brief to support their position that the Court should authorize the proposed consent decree (Filing No. 27). There, the EEOC describes the generalities of consent decrees, the Eighth Circuit's standards for entry of consent decrees, and their agency's general procedures for entering into such agreements. Yet the EEOC spends a scant few paragraphs of minimal detail explaining why *this* proposed consent decree is proper with respect to the particular facts of *this case*. Without more, the EEOC's supplemental briefing fails to provide the Court with the additional case-specific factors it needs to properly analyze the proposed decree.

While it may be easier and quicker for the parties to simply treat motions to enter consent decrees as a request for a "rubber stamp,"[2] the Court finds it would abdicate its

---

[2] At various stages in the course of this matter, the Court has expressed its concern about that possibility here, as it has been troubled by signs that the parties are treating their motion for entry of a consent decree as a simple request for a rubber stamp. When pressed for additional information at both a formal hearing and an informal conference to

judicial role to make adjudicative findings that are wholly unsupported by the record. *See SEC v. Levine*, 881 F.2d 1165, 1181 (2d Cir. 1989) ("To be sure, when the district judge is presented with a proposed consent judgment, he is not merely a 'rubber stamp.'"); *cf. NLRB v. Constellium Rolled Prod. Ravenswood, LLC*, 43 F.4th 395, 408 n.15 (4th Cir. 2022) (explaining that judicial review of a proposed consent decree does not equate to that of NLRB consent orders, which resembles "a rubber stamp"); *Moore v. Nat'l Ass'n of Sec. Dealers, Inc.*, 762 F.2d 1093, 1106 (D.C. Cir. 1985) (stating "the abuse of discretion standard cannot be used as a rubber stamp to approve all settlements" (quoting *United States v. City of Miami*, 614 F.2d 1322, 1335 (5th Cir. 1980))).

To enable the Court to properly perform the requisite judicial review of the parties' proposed consent decree and ensure it is fair, reasonable, and adequate, the parties are hereby ordered to submit additional information to the Court within ten (10) days. In particular, the parties should—jointly or separately—supply case-specific information to support the fairness, reasonableness, and adequacy of their agreement, especially as to (1) the relationship between the defendant companies, (2) the employment relationship between D.V. and the various defendants, (3) the size of the defendants' workforce, (4) the frequency and duration of employee training, and (5) the duration of the Court's continuing jurisdiction. Such details, in addition to any others the parties may provide, should assist the Court in conducting a particularized analysis into the benefits and burdens the proposed consent decree could cause for the parties and the public at large.

IT IS SO ORDERED.

---

support the terms of the proposed agreement, the EEOC has seemingly refrained such judgment is proper simply because "that's the way their agency handles things." Given that a consent decree requires this Court's independent review and approval, such an argument cannot and will not suffice.

Dated this 2nd day of November 2023.

                                                BY THE COURT:

                                                *Robert F. Rossiter, Jr.* (signature)

                                                Robert F. Rossiter, Jr.
                                                Chief United States District Judge